The opinion of the court was delivered by
Breaux, J.
This cause was remanded to the District Court with instructions to Ella Sims, wife of W. II. Jackson, and W. II. Jackson to ■file a full and final account of their administration as tutrix and co-tu *2084 tor of Anna Billington, wife of Charles L. Younger, in conformity with the views of the court. Sims, Tutor, vs. Billington, 50th Ann. 968..
The first item left open to be examined and passed upon in matter of the final account was: the amount of the taxes paid on the property belonging to the Succession of. George Billington;
.Second: The amount to be charged for rental of “home place”;
Third: The matter of the expenditure of the amount received from the “bridge fund”;
Fourth: The costs of attorney’s services in the matter of the Succession of Rachel Billington, which are to be equally divided between Mrs. Hardee and the opponent heirs of the late Mrs. Rachel Billington,, also matter of the debts of the Succession of Rachel Billington;
Fifth. Costs in the Succession of George Billington.
In accordance with the direction of the court, the final account was filed. Opponent opposed its homologation on a number of grounds.
On the trial of this opposition, evidence was heard .regarding the taxes charged of which we have made the following summary.
The deputy assessor made an estimate of the amount of taxes paid by William Jackson for the estate of Billington showing amount j)aid by t'he former on the whole property. The amount due by each interest is not clearly set out in' the statement of this officer. The judge of the-District Oourt, in order to close the litigation, adopted a basis of settlement which 'we have determined to approve. He found that the taxes-paid on the community, property.was nine 64-100 dollars, one-half of which was charged to the opponent, who owned one-half, and the other one-half to the accountant, who was the owner of the other half of this «articular tract of land, which was of little value. This left one hundred and nine 62-100 dollars' of taxes paid on the separate property, adding- the one-half of nine 64-100 dollars ($4.82). Opponent contends that upon this basis, to which he does not seem to object greatly, there was error to the amount of four 80-100. dollars. We see that tlie property of the two persons had, for a great many years, been assessed in bulk and the taxes paid by one of these parties. In. ascertaining the amount due by each, the small difference ($4.80), in view of' the difficulty of establishing the amount to a cent,, comes within the rule de minimis. The judgment as to these taxes does substantial justice between the parties.
The rent of the “home place” gives rise to the next question before- *2085 us for decision. This land is only ten acres in extent. Some six acres of it was cultivated. It was occupied by Mr. and Mrs. Jackson, accountants, after their marriage. Rent is unquestionably due by these parties. Some of the witnesses have estimated -this rent at a considerable sum per month, and some have not been impressed by its value: The judge of the District Court placed the rental value of the place at sixty dollars a year. We feel confident, after having considered the evidence, that that amount .is fully all that it is worth. It might even be something less, but he having fixed it at that amount, being doubtless familiar with the locality and personally acquainted with the witnesses, we- deem it proper not to reduce the amount.
With reference to the “bridge.fund,” another subject which has given rise to contention, and which is numbered three (3) in the foregoing statement of the grounds of opposition, the facts are: The sum of five hundred and twenty-three 50-100 dollars was a community fund received by the widow, Mrs. Jackson (who is the accountant), after the death of her late husband. Three hundred and fifty dollars was deducted by the judgment rendered by the District Court. She produced .a list of the debts, which she swears she had paid. The question propounded to her as a witness was:
“Q. Mrs. Jackson, will you state what you did with five hundred and twenty-odd dollars which was paid to you by Mr. Hardee, after the death of Mr. Billington, and between his death and your marriage with Mr. Jackson; what became of the money ?
“A. I paid debts with it, most of it, and the balance of it went to the support of myself and child.”
These debts, as decided by the District Court (though Mrs. Jackson claimed they were twelve dollars more) footed three, hundred and fifty dollars, and included the funeral expenses of the former husband of Mrs. Jackson and the father of the opponent, Ella Billington, child of Mrs. Jackson, by her first marriage. Twelve dollars of the claim of Mrs. Jackson was not allowed by the District Court. The tutrix says that she kept memoranda of a few of the items, not all. She lost all the receipts except one. This is scarcely a compliance with the requirements of law, but in this settlement between the mother and daughter, we think that we are justified in the conclusion that the mother’s statement is true and for that reason, in our view, it was proper to allow the deduction as made.
This brings us to the fee of attorney in matter of the Succession of *2086 Rachel Billington, the fourth ground of the opposition, as before stated. Opxionent’s co-heir (there were only two heirs in this succession) testified that the property was divided equally between them, and that each paid one-half of the debts. The minor’s one-half of the indebtedness was paid by Jackson, to whom proper credit is given. We have not found, as relates to Rachel Lillington, any indábtedness which was not settled as just stated.
We now come to the fifth ground of opposition, viz: costs in matter of the settlement of the succession of George Billington. Opponent contends, in the first place, that all cost for filing the tableau in the latter succession should be divided in proportion to the interests of each succession, those of George and Rachel Billington respectively. We understand that the costs in the succession of Rachel Billington were satisfactorily settled as before stated, and a division made between the two heirs, and now Mrs. Hardee, plaintiff’s co-heir in succession of Rachel Billington, is not before the court and can not be charged for the expense of a tableau to which she is not a party. If she owes any amount, she can not be charged at this time and in these proceedings.
The total assets in the succession of George Billington amount to one thousand nine hundred and twenty-eight dollars. The account filed shows that defendant’s interest in the succession of George Billington, growing out of the community existing between her and her said late husband was only two hundred and eighty-four dollars, and to that extent she has been held bound for costs and charges. No other amount, in our view, is to be taken into account in settling the rights of the parties and in fixing the amount of the defendant’s proportionate-indebtedness for fees and costs. Defendant owes in the proportion of one thousand nine hundred and twenty-eight dollars to two hundred and eighty-four dollars, and urges that it should be added to an item of and eighty-four dollars. The opponent claims that the amount is one hundred and forty dollars, and urges that it should be added to an item of three hundred and sixty dollars admitted by defendant. Part of this-item, viz: seventy dollars, was the subject of contest on the first trial, and it was not allowed. We do not think that the remaining seventy dollars making up the one hundred and forty dollars is sustained by fireproof.
Counsel for opponent invites our attention to the charge of three hundred and ninety dollars for expenses of minor, and contends that *2087 the question is still open for decision, and that it should be stricken from the record. This sum was allowed (in our first decision) to the tutrix on the condition that there is revenue, and that it is not deducted from the principal amount due the minor. ■ •
The testimony shows that there is revenue, and, therefore, this amount is properly deducted from it, Interest is claimed by the opponent on small amounts from the date they were respectively received. Interest on rental account cannot be allowed for the reason that in estimating the rent in bulk it is covered by the total at which the rent was fixed. As to the interest claimed on the other small items, it would amount to very little, and, in the main, is taken into account in arriving at the different amounts due.
We have considered the respective claims of' the parties and have arrived at the conclusion that the judgment appealed from should not be disturbed.
Although the tutrix was originally at fault in not obtaining the court’s order before paying certain debts of the succession in which the opponent, a minor, had an interest, yet when the minor is paid all to which she would have been entitled had everything been settled strictly in accordance with the law’s requirement, she no longer has good ground to complain.
For these reasons it is ordered adjudged and decreed that the judgment be and the same is hereby affirmed.